(108 N. W. 241.)

---

DEAN & CO. v. D. B. COLLINS AND J. A. MAHOOD, CO-PARTNERS, DOING BUSINESS AS COLLINS & MAHOOD, D. B. COLLINS, APPELLANT.

Opinion filed June 5, 1906.

**Partnership — Assumption of Debts — Retiring Partner Not a Surety as to Creditors.**

An agreement upon a dissolution of a partnership, by which the retiring partner transfers his interest in the partnership property to the remaining partner, and the latter agrees to pay the partnership debts, creates as between them the relation of surety and principal, but does not create that relation as to a creditor who has not assented to it, even though he had notice of it. As to him their obligation as joint debtors continues.

Appeal from District Court, Towner county; *Cowan,* J.

Action by Dean & Co. against D. B. Collins. Judgment for plaintiff. Defendant appeals.

Affirmed.

*Brooks & Kehoe* and *Burke & Middaugh,* for appellant.

. Where a partnership is dissolved and one partner assumes the firm's debts, the retiring partner is a surety as to all its creditors who are cognizant of the agreement. Millard v. Thorne, 56 N. Y. 402; Colgrove v. Tallmann, 67 N. Y. 95, 23 Am. Rep. 90; Smith v. Sheldon, 24 Am. Rep. 529; Brandt on Suretyship (2d Ed.) section 36; Stearns on Suretyship, 24; Baylies on Suretyship, 481; Shumaker on Partnership, 341, 342.

*Davis & Sennet* and *F. N. Hedrix,* and *L. J. Van Fossen* of counsel, for respondents.

Mere neglect to sue or make active efforts to collect the note of the principal maker, at the request of the surety is insufficient to discharge the latter. Benedict v. Thoe et al. 35 N. W. 10; Dane v. Corduan, Admr. 24 Cal. 157; Page v. Webster, 15 Me. 249; Inkster v. Bank, 30 Mich. 142; Bank of Maywood v. McAllister, 76 N. W. 552; Davis v. Huggins, 3 N. H. 231; Pintard v. Davis, 21 N. J. L. 632; Findley v. Hill, 8 Ore. 247; Hogaboon v. Herrick, 4 Vt. 131; Hikcock v. Bank, 35 Vt. 476.

A surety is one who is such at the inception of the contract and not by a subsequent agreement or implication. Fensler v. Prother, 43 Ind. 119; Fish et al. v. Glover, 39 N. E. 1081.

YOUNG, J. This action was brought to recover a balance of $1,914.72 upon two promissory notes, executed by the defendants in 1901 and due, respectively, on November 1st and November 15th of that year. When the notes were given, and for two years prior thereto, the defendant, D. B. Collins, and J. A. Mahood, were engaged in the farm machinery business as a copartnership under the firm name of Collins & Mahood. The notes were given by the copartnership for goods purchased from the plaintiff. Mahood did not answer. Collins attempted to avoid personal liability by alleging and offering to prove certain facts which his counsel con-.end show that Mahood is the principal debtor, and that he (Collins) is a mere surety, and that he has been discharged from liability by reason of the plaintiff's failure to sue Mahood. The existence of the copartnership is admitted, and also the execution of the notes. He alleges that in December, 1901, the partnership was dissolved; tnat all of its property was transferred to Mahood; that as a part of the agreement for dissolution Mahood agreed to pay the firm debts including the notes in suit; that all firm creditors, including the plaintiff, were duly notified of the dissolution and

the terms upon which it was made; that on several occasions this defendant notified the plaintiff to proceed against Mahood; that Mahood was solvent when the partnership was dissolved, but has since become insolvent. The trial court rejected the testimony offered to sustain the above defense and directed a verdict for the amount due upon the notes. Defendant has appealed from the judgment entered upon the verdict.

The first question raised by the assignments of error (and it is the only one we need consider) is whether the allegations of the answer and the offers of proof constitute a defense. Counsel for defendant contend that they do. They contend that "where a partnership is dissolved, and one partner purchases the interest of the other in the partnership property, and assumes and agrees to pay the partnership debts, he becomes in equity the principal debtor as to such debts, and the other his surety, and a creditor having notice of such agreement is bound by such relationship; and (2) that where a creditor with such notice is requested by the surety to collect his claim from the partner who has assumed the debts, and he neglects or refuses to do so, the surety is discharged, provided the principal was at the time solvent." We shall have occasion to refer only to the first of the above propositions. That the relation of principal and surety is created as between the remaining and the retiring partner upon the facts stated is well settled. As between themselves the partner assuming the debts becomes the principal, and the retiring partner the surety. Pingrey's Suretyship and Guaranty, section 20; Moore v. Topliff, 107 Ill. 241; Wendlandt v. Sohre, 37 Minn. 162, 33 N. W. 700. As to this there is no dispute. The question in controversy (and upon this there is a conflict of judicial opinion) is whether a creditor who is not a party to the agreement between the partners creating this new relation between them, and does not assent to it, but merely has notice of it, is bound by it, and must after such notice treat the retiring partner, not as a joint debtor, but as a surety. We have no hesitation in holding that under such circumstances the partners continue to be bound as joint debtors to the creditor, pursuant to their original obligation. In our view there is no reasonable ground for a difference of opinion upon this. The obligation of the partners to their creditor was created by contract. They were joint obligors. By the contract they subjected themselves to all of the obligations of that relation, and conferred upon their

creditor all of the benefits arising from it. To sustain the doctrine that the partners can by their own act change the character of their obligation to their creditor, and without this assent, express or implied, violates the fundamental principles of the law of contract. It abrogates an express contract without the consent of the party beneficially interested, and forces upon him a new contract to which he has not given his assent. In Pingrey on Suretyship and Guaranty, section 21, it is said that "the great weight of authority is that two or more principal debtors cannot by agreement among themselves, without consent of the creditor, so change the character of the liability of one of them to such creditor from principal to surety, as to enable him to demand from the creditor the treatment of a surety for the debt; that is, a retiring partner or other principal debtor cannot become a surety as to the creditor by simply informing him that his co-debtors have agreed that he shall be held only as a surety."

The question has been carefully considered in a large number of cases, and the rule announced is in harmony with the foregoing text. From these we cite: Rawson v. Taylor, 30 Ohio St. 389, 27 Am. Rep. 464; Shapleigh Hdw. Co. v. Wells, 90 Tex. 110, 37 S. W. 411, 59 Am. St. Rep. 783; White v. Boone, 71 Tex. 712, 12 S. W. 51; Hall & Long v. Jones, 56 Ala. 493; Barnes v. Boyer, 34 W. Va. 303, 12 S. E. 708; Whittier v. Gould, 8 Watts (Pa.) 485; McAreavy v. Magirl (Iowa) 99 N. W. 193; Shepherd v. May, 115 U. S. 505, 6 Sup. Ct. 119, 29 L. Ed. 456; Conwell v. McCowan, 81 Ill. 285; Bank v. Finck, 100 Wis. 446, 76 N. W. 608; Keller v .Ashford, 133 U. S. 610, 10 Sup. Ct. 494, 33 L. Ed. 667; Story on Partnership, section 158; Parsons on Partnership (4th Ed.) sections 296-324; Bates on Partnership, sections 533, 534. The leading cases upholding the doctrine that a creditor with notice of the agreement between the partners is bound by it are Colgrove v. Tallman, 67 N. Y. 95, 23 Am. Rep. 90, and Smith v. Sheldon, 35 Mich. 42, 24 Am. Rep. 529. Both cases rest upon what was supposed to be the rule of the English courts, laid down in Oakley v. Pasheller, 4 Clark & F. 207. It will appear from an examination of Shapleigh Hdw. Co. v. Wells, and other cases above cited, that the court's opinion in that case was misunderstood and that the creditor assented to the arrangement between the partners. The doctrine stated in the New York and Michigan cases does not represent the English rule; for in Swire v. Redmon, L. R. 1 Q. B. Div. 536, the Chief Justice said: "There is no

English case which holds the doctrine that is contended for by those who claim that the agreement between the partners themselves, without the consent of the creditor, could change their relation to the latter; and we have found no decision in the American courts which directly holds to that theory, except those we have herein cited, all of which rest upon the misinterpretation of Oakley v. Pasheller, 4 Clark & F. 207."

In our opinion, the rule announced in Colgrove v. Tallman is unsound in principle and is against the decided weight of authority. We conclude, therefore, that where the creditor has in no way assented to the new relation created by the parties, as between themselves, he is not bound by it, and as to him they continue as joint debtors. The trial court did not err in so holding. ´

Judgment affirmed. All concur.