## HANS J. HAUGE, Appellant, v. MARTIN E. BYE, and L. E. Olson, Formerly Copartners Doing Business Under the Firm Name and Style of Bye and Olson, Respondents.

(36 A.L.R. 613, 201 N. W. 159.)

**Contracts — rule as to effect of intoxication on contract stated.**

1. In the absence of fraud on the part of the other contracting party, a person will not be relieved from a contract, otherwise valid, on the ground of intoxication alone, unless it is shown that the drunkenness was so excessive that he was utterly deprived of his reason and understanding and was altogether incapable of knowing the effect of what he was doing.

**Contracts — one must avoid contract on ground of intoxication within reasonable time.**

2. A party who seeks to avoid a contract on the ground of intoxication must move promptly and within reasonable time after the intoxication ceases and knowledge of the transaction, or of facts sufficient to put him upon inquiry, comes to him; or he will be deemed to have ratified the transaction.

**Partnership — firm's creditor who takes partner's individual note in payment of claims against firm cannot recover against copartner.**

3. Where a partnership is dissolved, and one of the partners assumes and agrees to pay the firm debts, a creditor who is notified of this arrangement and assents thereto is bound by the new relation created between the partners; and where the creditor, not only assents to the arrangement between the partners, but, further agrees to accept and does accept the note, of the assuming partner in payment of his claim against the firm, the creditor has no cause of action against the partner he has agreed to release.

**Partnership — creditor held as matter of law to have accepted partner's individual note in satisfaction of claims against firm.**

4. In the instant case it is *held*, that the defendant, Olson, is entitled to judgment as a matter of law, and, that consequently the trial court was correct in ordering judgment in his favor notwithstanding the verdict.

Opinion filed September 15, 1924.  Rehearing denied December 5, 1924.

Drunkards, 19 C. J. § 116 p. 813 n. 66; § 119 p. 816 n. 88.  Partnership, 30 Cyc. p. 616 n. 90; p. 618 n. 99.

Note.— (1) Validity of contract made with intoxicated person, see annotation in 54 L.R.A. 440; 2 L.R.A.(N.S.) 666; 25 L.R.A.(N.S.) 596; L.R.A.1915B, 1121; 36 A.L.R. 619; 6 R. C. L. 631; 2 R. C. L. Supp. 169.

(3) Assumption of debts on dissolution of partnership, see annotation in 9 L.R.A.(N.S.) 49; 48 L.R.A.(N.S.) 547.

From a judgment of the District Court of Grand Forks County, *Cooley, J.,* plaintiff appeals.

Affirmed.

*Bangs, Hamilton & Bangs,* for appellant.

On a claim of money loaned, plaintiff can sue on money counts even though a note was given by defendants to evidence the loan and this is particularly true when the note is lost or in the possession of the defendants. 8 Cyc. 147 (G); 8 C. J. 810.

In the absence of a positive agreement to that effect, the taking of a note from a part of the debtors will not operate as payment of a prior note. 8 C. J. 572, 573, §§ 794, 795; First Nat. Bank v. Case (Wis.) 22 N. W. 835.

A judgment non obstante should not be granted because the verdict may be contrary to the weight of the evidence or where there is evidence to sustain the verdict although it may be uncertain or unconvincing, or where the evidence is conflicting and therefore properly to be weighed by the jury. 23 Cyc. 779.

*Geo. A. Bangs,* for respondent.

The Judge may set aside a verdict and grant a new trial, although the evidence may be conflicting and it is held that it is his duty to do so if he is not satisfied with the verdict. 1 Hayne, New Tr. & App. § 97.

Where a person seeks to avoid responsibility for a contract on the ground of intoxication alone, it must appear that the drunkenness was so excessive that he was utterly deprived of the use of his understanding and reason, and was altogether incapable of knowing the effect of what he was doing. Any degree of intoxication which falls short of this will furnish no ground for release, in the absence of fraud on the part of the other contracting party. Tested by this rule we deem it clearly shown that the plaintiff was competent to execute the papers, and did fully understand their legal character and effect. Power v. King, 18 N. D. 600, 120 N. W. 543 at 544, 138 Am. St. Rep. 784, 21 Ann. Cas. 1108.

Although a party may repudiate a contract entered into when he was in such a state of intoxication that he could not comprehend its terms; it is well settled that such contract is not void, but voidable only. Matz v. Martinson, 127 Minn. 262, L.R.A.1915B, 1121, 149 N. W. 370.

51 N. D.—54.

CHRISTIANSON, J. This is an action to recover for money which plaintiff alleges he loaned to the defendants at their request on December 31st, 1917. In his complaint the plaintiff alleges for a first cause of action that the defendants Bye and Olson during the times thereafter mentioned were engaged in the automobile and farm implement business at Grafton as co-partners. And that on December 31st, 1917, at Grafton, North Dakota the plaintiff loaned to the defendants at their request the sum of $3000.00 which the defendants promised to repay one year thereafter with interest at 8%, payable annually; that payment was duly demanded on or about December 31st, 1918, but that no part of said sum has been paid except the sum of $277.00, paid on March 25th, 1920, as and for interest. For a second cause of action it is alleged that the defendants are indebted to the plaintiff for services rendered. The second cause of action, however, was withdrawn by the plaintiff upon the trial, and need not be further considered in this opinion. The defendant, Olson, alone was served with process, and he alone appeared and answered. In his answer he admitted that the defendants were co-partners engaged in the purchase and sale of automobiles and farm implements at Grafton, North Dakota, between the spring of 1914 and November 1918. Further answering the defendant alleged that on or about January 2nd, 1919, the defendant Bye made a full and complete settlement with the plaintiff of all matters of business then existing between plaintiff and the defendant Bye and between the plaintiff and the co-partnership of Bye and Olson; and that in said settlement the defendant, N. E. Bye, made, executed and delivered to the plaintiff, his two certain promissory notes in writing whereby he promised and agreed to pay to the plaintiff the sum of $3,395.00, and the plaintiff accepted said notes in substitution for and in complete settlement of any and all liability or obligations to him on the part of the defendants Bye & Olson and of the defendant L. E. Olson; and that any and all liability and obligation on the part of the firm of Bye & Olson or of this defendant L. E. Olson were completely released and satisfied. The case was tried upon the issues as framed by these pleadings and resulted in a verdict in favor of the plaintiff for the amount prayed for. The defendant thereupon moved in the alternative for judgment notwithstanding the verdict, or for a new trial. The trial court granted the

motion for judgment notwithstanding the verdict. Judgment was entered accordingly and the plaintiff has appealed.

The material facts are as follows: In 1914 the defendants, M. E. Bye and L. E. Olson, as co-partners, engaged in the automobile and farm implement business at Grafton, N. D. The defendant, M. E. Bye was L. E. Olson's son-in-law. Olson was a farmer, and continued to live on his farm in Grand Forks County some distance from Grafton. Bye was in active charge of the business. The plaintiff was an employee of the defendants in said business during the years 1916, 1917 and 1918. In December, 1917, he had a transaction with the defendant Bye in which he loaned the defendants the sum of $3000.00, and received a note in that sum executed by Bye in the firm name, and payable in one year. On December 31st, 1918, the co-partnership of Bye & Olson was dissolved. The business was sold or taken over by another firm in which the plaintiff had some interest. Shortly prior to the dissolution of the firm the defendant Bye had invested considerable money in an automobile business at Grand Forks, of which fact the plaintiff had knowledge. When the co-partnership of Bye & Olson was dissolved the defendant Bye agreed with his partner Olson to assume and pay all debts such firm owed to the plaintiff, including the $3000.00 note. When the firm of Bye & Olson went out of business, the defendant Bye moved to Grand Forks and engaged in the automobile business there. In April 1919 the defendant Bye, pursuant to a request made by the plaintiff, Hauge, went from Grand Forks to Grafton and made a full settlement of all accounts between the plaintiff and the old firm of Bye & Olson. At this time Mr. Bye stated to the plaintiff that he (Bye) had assumed the obligations of the firm and that he desired to have Mr. Olson released. Bye, in his testimony, gives the following version of that transaction:

"Q. I will put it this way for you. You may proceed and tell just exactly what the deal was between yourself and Mr. Hauge, that day, and what was said and done by each of you, and what was finally done."

"A. Well, after figuring up the interest on these notes and after being credited with what he was entitled to, why there was a balance of $3,395.09 due Mr. Hauge. So I said, 'Now Hans,' (I always called him Hans), 'I have made settlement with Mr. Olson and I have agreed with him that I am going to take over this account here and *I want you*

*to release Mr. Olson and take my personal note* and I would like to have these notes made into two notes,—that is, have this one note made into two notes, one for two thousand dollars and the other one for thirteen hundred and ninety five dollars, so that I might be able to take up one note at a time, if I could not pay it all up at once—at one time, and Mr. Hauge *said that that would be perfectly all right.* I told him I had to invest some money with J. E. Sandlie company, Inc., and that I figured on making pretty good there,' and he said, 'I know you will, and it is all right."

At and prior to the time this settlement was made the plaintiff had kept the $3000.00 note which he had received from Bye in December 1917 in a safety deposit box in the First National Bank of Grafton. The settlement negotiations were conducted in the office of the automobile company in which plaintiff was then interested. During the negotiations the plaintiff went to the bank and took the Bye & Olson note out of the safety deposit box and brought it to the office where the settlement was being made. Upon the conclusion of the negotiations the $3000.00 Bye & Olson note was delivered to Bye, and Bye executed and delivered to the plaintiff his (Bye's) individual notes in the aggregate sum of $3395.00,—the amount which it had been found was due to the plaintiff both upon account and upon the $3000.00 note of Bye & Olson. The plaintiff does not deny that the transaction occurred as testified to by Bye; but he says that he was intoxicated at the time, and does not recollect anything that occurred. He admits, however, that he requested Bye to come to Grafton. He admits, also, that the morning after the settlement he missed the Bye & Olson note, and found in his possession the two Bye notes, and he placed these notes in his safety deposit box, where he kept them until on or about February 15, 1921. Hauge, however, testified that about two weeks after the settlement, he met Bye, and asked him why he had signed the notes individually instead of in the firm name, and that Bye just laughed and asked if he (Hauge) did not think "it was good enough", and if he wanted it the other way; and that Bye further said "it's immaterial to me and the next time I see Mr. Olson or see you I will fix it." That on subsequent occasions he saw Bye and talked with him further about this matter. The undisputed evidence, however, is to the effect that in 1920 the plaintiff collected interest from Bye, and endorsed the amount so collected upon

Bye's notes; that he took the notes from the safety deposit box and made the endorsement thereon, and returned them to the box after the endorsement had been made. The plaintiff further testified that in 1921 he experienced some difficulty in meeting payments due on some Canadian land contracts, and that he desired to raise some money to meet these payments; that he was unable to raise any money on the Bye notes, and that he then requested Bye to execute a note or notes in the firm name; that Bye thereupon, on February 15, 1921, executed and delivered to the plaintiff a note of the firm of Bye & Olson in the sum of $3395.00; that this note was postdated, and bore the date of the individual notes of M. E. Bye; that at the time Bye executed and delivered such latter note, the plaintiff, Hauge, executed and delivered to Bye the following written instrument:

Grand Forks, N. D. 2-15-21.

M. E. Bye,
Grand Forks, N. D.

It being understood in signing the renewal note as to read Bye & Olson which is to extending payment thereof for another year from this date, this is in settlement of Bye & Olson account of closing 1918.

I will agree not to cause you in any way any trouble as to this correction, but I will expect that you (M. E. Bye) will make arrangement to take this note up one year from Jan. 2-21—or due Jan. 2-1922.

J. J. Hauge.

The plaintiff later brought suit against the defendant Olson upon the note mentioned in this agreement but when such suit came on for trial it was dismissed without prejudice upon the plaintiff's motion. It is established by the evidence that in April, 1919 (when plaintiff received the individual notes of M. E. Bye), Bye was in fairly good financial condition, and that he continued to be so for some time, but that prior to February, 1921 (when plaintiff surrendered to Bye the individual notes, and obtained from him a new note executed in the firm name, and post-dated so as to bear the date of the individual notes) Bye had lost most of his property. The undisputed evidence, also, shows that the plaintiff did not return the Bye notes or offer to do so until on or about February 15th, 1921 when he obtained a new note from Bye executed in the firm name; that plaintiff made no demand or claim whatever

upon the defendant Olson until in 1923 when he instituted the action upon the note, which was later dismissed.

Appellant contends:

1. That at the time he surrendered the note of the firm of Bye & Olson and accepted in lieu thereof the individual notes of M. E. Bye, the plaintiff, Hauge, was intoxicated to such d..,ree as to be incapable of making a valid contract.

2. That if he was capable of contracting, that nevertheless the settlement then made did not release the defendant, Olson, from liability on the partnership debt. These propositions will be considered in the order stated.

(1) There was no allegation in the pleadings relating to plaintiff's alleged intoxication. Neither was the subject alluded to on plaintiff's direct examination. On direct examination he testified that he loaned Bye & Olson $3000.00 on or about December 31st, 1917, and that he received a promissory note in evidence of such loan; but that such note had disappeared and that he did not know where it was. On cross-examination he was asked with respect to the settlement made in April, 1919; the individual notes of M. E. Bye were exhibited to him and he was interrogated at some length with respect to the settlement. He admitted that he re-called Bye's coming to plaintiff's office; also, that on the day following he found that he had received Bye's individual notes, and that he no longer had the firm note, but he stated that he did not remember any of the details of the settlement. Thereupon, on re-direct examination, when asked by his own counsel why he did not recall the details of the settlement, he answered: "I was under the influence of liquor." There was no evidence corroborative of plaintiff's statement, although it appears that one of his business associates was present and prepared one of the settlement sheets. And another paper (a statement of account)—used by the parties in the course of the settlement negotiations—bearing a receipt endorsed thereon by the plaintiff himself was introduced in evidence by the defendant as part of plaintiff's cross-examination. There is no contention that the defendant, Bye, was in any manner responsible for the alleged intoxicated condition of the plaintiff. If plaintiff was intoxicated it was wholly voluntary. And there is no evidence whatever that Bye knew that plaintiff was intoxicated, and the uncontradicted testimony of Bye is to the effect

that he did not know the plaintiff was intoxicated, or observe anything to indicate intoxication on his part. Leaving wholly on one side the question whether in these circumstances the plaintiff can be heard to assert his alleged intoxication as a defense to the settlement agreement (6 R. C. L. pp. 595–597; Spoonheim v. Spoonheim, 14 N. D. 380, 104 N. W. 845; Comp. Laws, 1913, §§ 4343, 5842, 5852), he could not avoid the contract unless his "drunkenness was so excessive that he was utterly deprived of the use of reason and understanding, and was altogether incapable of knowing the effect of what he was doing. Any degree of intoxication which falls short of this will furnish no ground for release, in the absence of fraud on the part of the other contracting party." 17 Am. & Eng. Enc. Law, p. 401; Spoonheim v. Spoonheim, 14 N. D. 380, 386, 387, 104 N. W. 845. The evidence in this case does not, in our opinion, justify reasonable men in finding that any such degree of intoxication existed as entitled plaintiff to avoid his contract, under the rule stated. And, furthermore, when the plaintiff became sober, it was incumbent upon him to disaffirm the contract "promptly upon learning of it, or of facts sufficient to put him upon inquiry. . . . A person will not be allowed to wait, and determine after unreasonable lapse of time, whether a contract be disadvantageous to him or not, before rescinding it. He must determine promptly upon recovering his judgment whether he will abide by his contract or repudiate the same." Spoonheim v. Spoonheim, 14 N. D. 380, 388, 389, 104 N. W. 845; 6 R. C. L. p. 596; Matz v. Martinson, 127 Minn. 262, L.R.A.1915B, 1121, 149 N. W. 370. See also §§ 5943, 5946, Comp. Laws 1913. The plaintiff discovered all the facts which he claims entitled him to disaffirm and avoid the settlement on the morning after it was made, yet he took no steps to disaffirm within a reasonable time thereafter, but retained what he had received. We are of the opinion that under the undisputed facts in this case, the plaintiff must be held as a matter of law precluded from asserting that the contract was invalid on the ground of intoxication on his part.

(2) It is undisputed that at the time of the settlement, the plaintiff knew that the firm of Bye & Olson had been dissolved. The fact that he had such knowledge, however, did not affect the rights of the plaintiff, or the obligations of the defendants as regards the indebtedness of Bye & Olson to the plaintiff. Nor were such rights and obligations altered, even though the plaintiff at that time was informed that Bye

had agreed to pay all the debts of the firm: for, although upon the dissolution of the partnership and the agreement of Bye to pay the firm debts, Bye and Olson, as between themselves, occupied the relation of principal and surety, the plaintiff was not affected by this new relation unless he assented to it.  Dean v. Collins, 15 N. D. 535, 9 L.R.A.(N.S.) 49, 125 Am. St. Rep. 610, 108 N. W. 242, 11 Ann. Cas. 1027.  But if at the time of the settlement, the plaintiff assented to the arrangement between the parties, and agreed to accept, and accepted, Bye's individual note in payment of the partnership debt, he would be bound by his agreement and would have no further claim against Olson.  Dean v. Collins, supra, note in 9 L.R.A.(N.S.) p. 81; Grubbe v. Pierce (Grubbe v. Lahay) 156 Wis. 29, 51 L.R.A.(N.S.) 358, 145 N. W. 209, Ann. Cas. 1915C, 1199.  The primary question therefore is whether the evidence in this case establishes to such certainty that the plaintiff agreed to accept, and accepted, the individual note of Bye in payment of his claim against Bye & Olson that reasonable men in the exercise of reason and judgment can make only an affirmative answer thereto.  In other words, the question is, was the defendant entitled to a directed verdict?  If he was, and it further appears that there is no reasonable probability that any additional substantial evidence can be adduced upon a re-trial, then the judgment appealed from should be affirmed.

The question stated is not wholly free from difficulty.  The mere fact that the plaintiff received and retained the individual note of Bye is not of itself sufficient to establish an agreement on the plaintiff's part to accept such note in payment of the firm debt,—at least this is not such evidence as to warrant reasonable men in arriving at only the one conclusion that the note was accepted with this understanding.  In this case, however, there is not only evidence of the surrender by the plaintiff of the partnership note and the acceptance and retention of the individual note of M. E. Bye and the acceptance of payment of interest thereon and the endorsement of such payment upon the notes; but there is also the positive testimony of the defendant Bye that during the settlement negotiations he informed the plaintiff of the arrangement made between himself and his partner Olson and that the plaintiff specifically assented to the arrangement so made, and agreed to accept and accepted the individual note of M. E. Bye in satisfaction and payment of the claims which Hauge then held against the firm of

Bye & Olson. And plaintiff does not deny this. He merely says that he was under the influence of liquor and does not remember. He admits, however, that he remembers the opening of the conference between himself and Bye; and says that on the morning following he found himself possessed of the individual notes of M. E. Bye and also discovered that he no longer had the firm note. The evidence further shows that the plaintiff accepted a payment from Bye and credited it on his note, and that in 1921 when the plaintiff secured a new note signed in the firm name in lieu of the individual notes of M. E. Bye, he (plaintiff) executed and delivered to M. E. Bye a written agreement which expressly recognized that M. E. Bye was to pay such note. The defendant Olson was accessible at all times and yet the plaintiff made no claim upon him, whatsoever. Under all the circumstances we are of the opinion that the evidence so clearly shows that the plaintiff assented to the arrangement between Bye and Olson and specifically agreed to accept and accepted the individual note of M. E. Bye in discharge and satisfaction of the obligation of the firm note of Bye & Olson that reasonable men, in the exercise of reason and judgment, can draw only one conclusion therefrom, viz.:—that the plaintiff assented to the arrangement and accepted Bye's individual notes in payment of the firm debt. We are further of the opinion, upon the record in this case, that there is no reasonable probability that any additional evidence could be adduced upon a retrial which could in any manner alter the result.

The judgment appealed from is, therefore, affirmed.

BRONSON, Ch. J., and NUESSLE, BIRDZELL, and JOHNSON, JJ., concur.