# Henry v. Seiberling Rubber Co.

(Decided June 9, 1936.)

JOSEPH M. HAYSE and J. L. ROBERTS for appellant.

J. E. HUTCHINS for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

On the 14th day of March, 1932, the Seiberling Rubber Company, a corporation of Akron, Ohio, and the Cardinal Bus Lines, a partnership, composed of Virgil Pierce and A. L. Henry, Louisville, Ky., entered into

a written agreement by which the corporation bound itself to deliver to the partnership all the tires, and to keep in good repair all rims and rim accessories, which the latter needed in the operation of its bus lines from March 14, 1932, to March 14, 1935. The partnership agreed that 100 per cent. of the busses owned and operated by it would be equipped by it with Sebierling tires as fast as they were worn out, in accordance with its contract with the corporation, from March 14, 1932, to March 14, 1935. The contract stipulates the terms and conditions upon which deliveries were to be made by the one and accepted and paid for by the other, and the price to be paid therefor. The provision thereof in respect to these topics is not here involved, and it is therefore not necessary to state them.

The contract was complied with by each party until March 22, 1933, when there was due the Seiberling Rubber Company a balance of $805.13 for tires delivered by it under the contract with the Cardinal Bus Lines, the name in which the partnership engaged in business. To recover this balance, this action was instituted against A. L. Henry, a member of the partnership at the time the contract was entered into on March 14, 1932, Virgil Pierce, one of the partners, and the Cardinal Bus Lines, having been adjudged bankrupts.

In its petition the Seiberling Rubber Company, for its cause of action against him, sets out the execution and delivery of the written contract, its terms and provisions, and alleged that the tires thereby contracted to be delivered as contracted for, and that $805.13, the sum sued for, was for tire mileage furnished it from the 27th day of July, 1932, to March 1, 1933, and that Pierce and the Cardinal Bus Lines had been adjudged bankrupts. It sought a judgment against him for this balance on his liability therefor on his obligation arising in virtue of the contract set out.

As a defense, he pleaded that the partnership was dissolved, and he had withdrawn therefrom July 23, 1932, and on that date he had notified a named agent of the Seiberling Rubber Company that he was no longer a partner in the Cardinal Bus Lines, that Virgil Pierce was the sole owner of the Cardinal Bus Lines, and that he would not be responsible for any tire mileage thereafter furnished it or Virgil Pierce. He pleaded and

relied on an agreement of the agent to the effect that the Seiberling Rubber Company would thereafter look to Pierce and the Cardinal Bus Lines for all tire mileage furnished under the written contract of the partnership and the Seiberling Rubber Company or thereafter ordered by and delivered to Pierce, under the contract. He relied on both notice to the Seiberling Rubber Company of his withdrawal from the partnership and the agent's agreement for him to do so without liability for future deliveries under the contract as a bar to a recovery. On the trial before a jury, a directed verdict was returned in favor of the Seiberling Rubber Company for the $805.13.

He is here insisting that his defenses are established by the evidence. Also that his liability under the contract is governed by the principle that, where a creditor of a dissolving firm agrees to accept the obligation of the continuing partner or partners for that of the old firm and to release the outgoing partner or partners, the transaction effects a novation; and that the dissolution of a copartnership by the withdrawal of a partner relieves the withdrawing partner of all liability to those who have notice of his retirement. The Seiberling Rubber Company does not dispute these principles, but challenges their application to the contract and the verbal testimony.

A careful examination of the evidence upon which Henry relies to substantiate his defenses convinces us that Cassady, to whom he claims he gave notice of his retirement from the firm, leaving Pierce the owner of the Cardinal Bus Lines, and with whom he claims he made an agreement, effecting his release from the obligation of the written contract between his partnership and the Seiberling Rubber Company, was not its agent within the generally accepted meaning of this term, and was without authority to receive notice of his withdrawal or to assent or agree to his retirement or to release him of liability for future deliveries to Pierce or the Cardinal Bus Lines of tire mileage by the Seiberling Rubber Company in accordance with the written contract. The trial court correctly interpreted the evidence bearing on this issue, and accordingly directed a verdict for the Seiberling Rubber Company.

It is established that, some time after Henry ac-

tually withdrew from the firm, the Seiberling Rubber Company received knowledge of his retirement, and thereafter delivered to the Cardinal Bus Lines, then owned by Pierce, a portion of the tire mileage included in the $805.13. Henry vigorously insists that this fact brings the case within the principle that "after dissolution [Schoneman v. Fegley, 7 Pa. 433] the late partners are not agents for each other, except to make good outstanding engagements, or for the purpose of liquidating the affairs of the partnership. They cannot enter into a new contract or an engagement for their former associates or bind them by a new promise." It is his contention that the delivery, after it had knowledge of his retirement, of the tire mileage to the Cardinal Bus Lines owned by Pierce at that time, was in effect a new contract or engagement as to him, and therefore he is not liable under the written contract for the tire mileage delivered after his retirement and after the Seiberling Rubber Company had actual knowledge thereof. This contention concedes the rule that third parties cannot be affected by private agreements between members of the firm by which they dissolved their connection without notice, but it overlooks the principle that a dissolution of a partnership will not abrogate the firm's contracts which continue in force and may be enforced against the members of the firm thereafter. Axton v. Kentucky Bottlers' Supply Co., 159 Ky. 51, 166 S. W. 776, Ann. Cas. 1915D, 74; Campbellsville Lumber Co. v. Bradlee, 96 Ky. 494, 29 S. W. 313, 16 Ky. Law Rep. 572; Peck-Williamson Heating & Ventilating Co. v. Miller & Harris (Ky.) 118 S. W. 376; Bays v. Johnson et al., 80 W. Va. 559, 92 S. E. 792.

The contract here involved is by its own provisions a continuing one; that is, it binds the parties thereto for the period of time therein stated. It reciprocally obligated them to comply therewith for that time. Therefore it was enforceable for the stipulated time against Seiberling Rubber Company and likewise enforceable against the members of the firm comprising the Cardinal Bus Lines. See cases, supra.

The fact that the Seiberling Rubber Company, after Henry retired from the firm, had knowledge thereof, did not affect the obligations of the contract nor alter or render it unenforceable against him. The dissolution of the partnership, the agreement of Pierce to pay the

firm's debt and to carry out its continuing contract with the Seiberling Rubber Company, as between themselves,. created the relation of principal and surety as to its debts or the performance of the continuing contract. The Seiberling Rubber Company was not affected by this new relation unless it assented or agreed to it, even though it had notice of the dissolution. As to Henry,. not only was the contract with the Seiberling Rubber Company continuing, but was a joint obligation, unaffected by his and Pierce's agreement. Dean & Co. v.. Collins, 15 N. D. 535, 108 N. W. 242, 9 L. R .A. (N. S.)· 49, 125 Am. St. Rep. 610, 11 Ann. Cas. 1027; Grubbe v.. Pierce, 156 Wis. 29, 145 N. W. 207, 209, 51 L. R. A. (N.. S.) 358, Ann. Cas. 1915C, 1199; Hauge v. Bye, 51 N. D.. 848, 201 N. W. 159, 36 A. L. R. 613.

The prevailing rule in such case is, where a part-- nership is dissolved, and one of the partners assumes and agrees to pay the firm's debt, or to fulfill its continuing contract, the creditor or the obligee to such contract who is notified of this arrangement and assents thereto· is bound by the new relation created between the partners; or, if such creditor or obligee not only assents to the arrangement between them, but further agrees to accept, and does accept, the assuming partner's obligation to pay the debt or to carry out the continuing contract, he is bound by such novation.

Mere knowledge or notice of Henry's withdrawal from the firm was insufficient to release him from liability after his withdrawal for Pierce's nonperformance of the contract.

The facts and circumstances herein do not establish either an express or an implied assent or agreement of the Seiberling Rubber Company to release Henry of his. obligation to pay the $805.13 arising under the written contract between it and his firm. Bays v. Johnson et al., supra.

There are cases holding that a dissolution of a copartnership by the retirement of a member thereof does not, ipso facto, discharge him from liability for a preexisting debt or a continuing obligation evidenced by the contract of the firm, in the absence of an express agreement based upon a valuable consideration. See Charleston Lumber Co. v. Friedman, 64 W. Va. 151, 61 S. E.

815; McConnell v. Hewes, 50 W. Va. 33, 40 S. E. 436. We think the better rule is, if the facts and circumstances are established by clear, positive, and adequate proof, showing the express assent or agreement of the creditor or the obligee in a continuing contract, to release the withdrawing partner, sufficient to constitute an estoppel, within the meaning of this term, the retiring partner may be so released, although not based upon a valuable consideration.

However, applying either rule to the facts in the present case, the evidence though conflicting establishes that the Seiberling Rubber Company delivered under the contract a part of the tire, mileage, subsequent to Henry's retirement and after it had knowledge of his withdrawal from the firm, such knowledge, itself, is no estoppel or bar to its right to recover of him for the tire mileage delivered after his retiring from the firm.

The action of the court in giving the peremptory instruction being in harmony with our views, the judgment is affirmed.