E. M. PAULSEN, Plaintiff and Appellant,

v.

Lewis BORSHEIM, Defendant and Respondent.

No. 7672.

Supreme Court of North Dakota.

Nov. 4, 1957.

Aaron Aronson, Fargo, Richard W. Anderson, Moorhead, Minn., for appellant.

Edward J. Murphy, Fargo, for respondent.

SATHRE, Judge.

The plaintiff brought this action against the defendant to recover the balance claimed to be due for services performed and merchandise furnished by the plaintiff to the defendant under a contract between the parties. The complaint alleges that on or about the first day of September 1955 at Moorhead, Minnesota, the plaintiff sold and delivered certain goods to and performed certain services for the defendant, at his request which goods and services are set forth in an account attached to the complaint; that the defendant has not paid the said sum due namely $566.29 nor part thereof. Judgment is then demanded for said sum.

The defendant answered by way of general denial, and as an affirmative defense alleged that the defendant together with one Targe Skrei, contracted with the plaintiff for goods to be furnished and services to be performed by plaintiff, said goods and services not to exceed the sum of $750; that after said contract was made between the parties, the plaintiff contracted with the said Targe Skrei for goods and services for the personal use of the said Targe Skrei; that the plaintiff entered into an agreement with said defendant and the said Targe Skrei whereby said defendant paid the plaintiff the sum of $500; said payment representing full payment of all indebtedness owed by the defendant Borsheim to the above named plaintiff; that the plaintiff entered into an agreement with the defendant and the said Targe Skrei, upon payment of the said sum of $500 by defendant; that the plaintiff would look to the said Targe Skrei for the balance of the amount due to the plaintiff; that as a part of said agreement the plaintiff accepted a note for the balance of said indebtedness from the said Targe Skrei and in so doing he promised to look to the said Targe Skrei and Targe Skrei alone for the balance of said indebtedness; that by reason of said agreement between the plaintiff and this defendant and the said Targe Skrei the defendant is not indebted to the above named plaintiff in any manner or form whatsoever. Judgment is then demanded for dismissal of plaintiff's action against the defendant. The case was tried in the district court of Cass County, North Dakota. When the plaintiff rested the defendant made a motion for dismissal of the action as follows:

"At this time the defendant moves for a dismissal of this action against the defendant, Lewis Borsheim, on the ground that the evidence shows that the plaintiff through his attorney accepted a note in full accord and satisfaction. In fact, the evidence clear-

ly shows that he is depending upon the note in Minnesota and is suing upon the note and further that there is novation in that he accepted the note in payment of $566.29 and on that account he accepted a new contract which definitely extinguished the liability existing between the partnership and Mr. Paulsen."

The plaintiff resisted the motion upon the ground that the obligation of a partner is joint and several and that the acceptance of the promissory note from one partner does not satisfy the obligation of the other partner to the creditor even though action was brought upon said note.

After due consideration the trial court granted the motion of the defendant and entered an order for dismissal of the action. Thereafter the court made its order for judgment and judgment was thereafter entered thereon. The plaintiff appealed from the order of the dismissal and from the judgment.

In his specifications of error plaintiff contends that the trial court erred as a matter of law in granting defendant's motion for dismissal of the action; that the evidence fails to establish that plaintiff released the defendant from the partnership debt by accepting from defendant's partner a note for the balance of the partnership debt; and that the undisputed testimony in the case establishes that the plaintiff is entitled to judgment against the defendant in the sum of $566.29.

The evidence adduced at the trial is substantially as follows:

The defendant Lewis Borsheim, called for cross examination under the statute, testified that on or about August 10, 1955 he and one Targe Skrei, formed a partnership for the purpose of operating a dairy farm and buying and selling of dairy cattle in and near Dilworth in the State of Minnesota. The partnership was dissolved by court action in November 1955. The defendant testified that during the existence of the partnership he and Mr. Skrei entered into an agreement with the plaintiff Mr. Paulsen that he should furnish certain materials, such as soil pipe, cement, and other items to be used in construction of certain septic tanks, and sewer pipes to be used by the partnership in operating their dairy farm and other business in connection therewith. The plaintiff performed the labor and furnished the material necessary in constructing the septic tanks, digging the trenches and laying the soil pipes. The defendant Borsheim and Mr. Skrei contributed to the capital of the partnership in equal amounts. Asked whether or not the partnership was a general partnership or limited partnership the defendant answered: "I don't know the difference, 50–50 anyhow." On September 10, 1955 the plaintiff presented to the defendant Borsheim his statement of account and on the same day Mr. Borsheim issued to him a check in the sum of $500. With reference to this transaction the defendant Borsheim on cross examination testified as follows:

"Q. On the date that the invoice was presented to you did you not issue a check for Mr. Paulsen for $500.-00? A. Yes.

"Q. Did you not at that time state to Mr. Paulsen that the balance would be paid to him shortly, and that you were then obtaining a bank loan? A. Yes.—

"Q. Have you paid the balance to him? A. No.

"Q. Has Mr. Paulsen asked you a number of times for the balance? A. Yes, he asked me several times and I told him he would have to look—

"Q. Just answer the question. On any occasion did you tell Mr. Paulsen that one bank loan had not come through and that you were then applying for another bank loan? A. I don't remember that."

The plaintiff testifying on his own behalf on direct examination stated that on the 10th day of September 1955 he presented

his statement of account to the defendant Borsheim and that on said date the defendant gave him a check in the sum of $500. As to the balance of $566.29 he testified that the defendant stated that he would go to some place in southern Minnesota and obtain a loan and that he would pay as soon as he returned. He saw the defendant some time later and was informed that he did not obtain the contemplated loan in Minnesota. He stated further that the defendant did not at any time refuse to pay the balance due claimed by the plaintiff.

On cross examination he admitted that his attorney had accepted a note from Skrei in the sum of $566.29 the balance after the payment of the sum of $500. The plaintiff admitted that he knew that his attorney had accepted the note in his behalf from Targe Skrei in the amount of the balance due on the claimed account.

Mr. Richard W. Anderson, attorney for the plaintiff, took the stand as a witness in behalf of his client and testified as follows:

"A. I talked with Mr. Borsheim a number of times and asked him to pay the balance due, and he asked me to try and collect from Mr. Skrei if possible. And I told him I would do the best I could, because Mr. Borsheim had paid $500.00 on the obligation. I told Mr. Borsheim I would attempt to get a promissory note from Mr. Skrei, so I could collect it on a note receivable that Mr. Skrei had from a retail store in Moorhead called Horvick Furniture. I told Mr. Borsheim that if I could not collect from Mr. Skrei I would come back again to Mr. Borsheim, and that the acceptance of the note was not in settlement of any obligation of Mr. Borsheim. Mr. Borsheim asked me to do everything possible to collect from Mr. Skrei. I did take a note from Mr. Skrei. At no time was Mr. Paulsen present.

"Q. Was there any additional consideration, or any consideration in addition to the $500.00 paid you by Mr. Borsheim for a release from this obligation?

"A. There was absolutely no additional consideration. Mr. Borsheim paid on September 10, 1955, and the note from Mr. Skrei was received in November of 1955, I believe November 25th. It was just an additional means to try and help Mr. Borsheim."

On cross examination Mr. Anderson testified as follows:

"Mr. Murphy: Q. You told the court and the jury here that you took this note so you were able to sue Mr. Skrei and get at his wages? A. No, Sir. If you refer back to the testimony, I said I took the note so I could go to this retail store in Moorhead and collect the money that was due Mr. Skrei from the retail store, called Horvick Furniture. In fact, that was what Mr. Borsheim requested me to do, to to try and collect from Horvick Furniture.

"Q. Is it your idea that you had to have this note to help collect this money? A. It would make matters considerably easier, because I was dealing with a third party.

"Q. Is it or is it not true that there is an action in Minnesota commenced on this note? A. That is right."

It appears from the evidence that the partnership between the plaintiff and Targe Skrei was formed on August 10, 1955 and that it was dissolved by court action in November of the same year, but the exact date of dissolution is not shown. The note given by Targe Skrei to the plaintiff E. M. Paulsen for the balance due from the partnership was executed on November 25, 1955. The dissolution of the partnership was had in November 1955, but it does not appear in the record whether or not this note was executed as a part of the dissolution proceedings. However the date of the

note executed by Targe Skrei to the plaintiff was dated November 25, 1955. The defendant Borsheim paid the plaintiff $500 September 10, 1955. Plaintiff accepted a note from Targe Skrei November 25, 1955 for the balance due from Borsheim and Skrei as partners.

However the mere fact that the plaintiff accepted from Skrei a note for the balance due from the partnership at the time or after it was dissolved does not operate as a release of the defendant Borsheim, unless plaintiff consented to such release. Dean & Co. v. Collins, 15 N.D. 535, 108 N.W. 242, 9 L.R.A.,N.S., 49; Hauge v. Bye, 51 N.D. 848, 201 N.W. 159, 36 A.L.R. 613.

In the case of Hauge v. Bye, supra, a creditor of a partnership agreed to accept the individual note of one of the partners in satisfaction of the partnership debt. He retained the note of the individual partner and surrendered the partnership note. It was held therefore that the creditor had no cause of action against the partner whom he had agreed to release. However, the facts in the instant case differ from the facts in the case of Hauge v. Bye. The plaintiff in the instant case accepted the note of Skrei. Plaintiff's attorney testified that "I told Mr. Borsheim that if I could not collect from Mr. Skrei I would come back again to Mr. Borsheim and that the acceptance of the note was not in settlement of any obligation of Mr. Borsheim."

Upon the record, when plaintiff rested, he had introduced evidence sufficient to establish a prima facie case, and it was error to grant defendant's motion for dismissal of the action.

The judgment is reversed and a new trial granted.

GRIMSON, C. J., and JOHNSON, BURKE and MORRIS, JJ., concur.