Horace MARTINEZ, Appellant,

v.

McGREGOR–DONIGER, INC., a corporation, Appellee.

No. 2802.

Municipal Court of Appeals for the District of Columbia.

Argued July 24, 1961.

Decided Aug. 8, 1961.

Andrew L. Geisler, Washington, D. C., for appellant.

Irwin S. Landau, Washington, D. C., with whom Milton Dunn, Washington, D. C., was on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and SMITH, Chief Judge of the Municipal Court for the District of Columbia, sitting by designation.

SMITH, Judge.

This is an appeal from a judgment entered against appellant for failure to pay for certain merchandise delivered to a business in which appellant had been a partner.

The record reveals that appellant in July 1959, while a partner in a firm trading as "Riggs Men Shop," ordered certain merchandise for the shop from appellee's agent. The order was accepted and later approved upon partial payment of $1,000 and the submission of the partnership financial statement to appellee's credit department. In August 1959, before any of the merchandise was delivered, appellant notified appellee's agent that he had withdrawn from the partnership. The merchandise was subsequently delivered and appellee sued appellant for the unpaid balance.

Appellant contends that since he withdrew from the partnership prior to delivery of the goods and since appellee's agent had notice of his withdrawal, he should not be liable for the partnership debt. We find that the law is otherwise. A retiring partner cannot absolve himself from liability for firm debts contracted while he was a member of the firm [1] in the absence of an agreement on the part of the credi-

---

1. Tuckerman v. Mearns, 49 App.D.C. 153, 262 F. 607; Mearns v. Chatard, 47 App. D.C. 257; Lindley v. Seward, 103 Ind. App. 600, 5 N.E.2d 998, rehearing denied, 103 Ind.App. 600, 8 N.E.2d 119; Henry v. Seiberling Rubber Co., 265 Ky. 241, 96 S.W.2d 590; Shunk v. Shunk Mfg. Co., 86 Ohio App. 467, 93 N.E.2d 321; Clinchfield Fuel Co. v. W. M. Lundy & Son, 130 Tenn. 135, 169 S.W. 563, L.R.A.1915B, 418; 40 Am.Jur., Partnership § 266; 68 C.J.S. Partnership § 352.

tor.[2] This is true even though notice of the retirement is given the creditor.[3] Here, although notice of the dissolution of the partnership was given to appellee's agent, we find nothing in the record to indicate that appellee agreed to hold only the remaining partner liable. Accordingly, the judgment of the trial court must be

Affirmed.

2. Lindley v. Seward; Henry v. Seiberling Rubber Co.; 68 C.J.S. Partnership supra note 1.

3. Henry v. Seiberling Rubber Co.; Clinchfield Fuel Co. v. W. M. Lundy & Son, supra note 1.