Horace MARTINEZ, Appellant,

v.

F. JACOBSON & SONS, INC., a corporation, Appellee.

No. 2829.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 16, 1961.

Decided Nov. 3, 1961.

Andrew L. Geisler, Washington, D. C., for appellant.

Irwin S. Landau, Washington, D. C., with whom Milton Dunn, Washington, D. C., was on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and SMITH, Chief Judge of The Municipal Court for the District of Columbia, sitting by designation.

SMITH, Judge.

This is an appeal from a judgment against appellant for a debt incurred by a business enterprise in which he had formerly been a partner.

In July 1959 appellant and one Riggs formed a partnership for the purpose of conducting a retail men's furnishings business to be known as "Riggs Men's Shop." The partnership was dissolved in August 1959, and appellant withdrew from the firm. In September 1959 Riggs ordered certain merchandise from appellee's agent, orally representing to the agent that appellant was still his partner. It is undisputed that the order was placed and the goods delivered after the termination of the partnership. Appellee's agent testified that he had no contact with the firm prior to September 1959, that

he never saw appellant at the shop, and that appellant never represented to him that he was a partner. Riggs subsequently defaulted in payment, and this suit was brought against appellant to recover the unpaid balance of Riggs' account with appellee.

▬ Appellant assigns as error the trial court's ruling admitting into evidence a credit application form signed by appellant which was an exhibit in another suit to which appellee was not a party.[1] Appellant contends that since there was no evidence indicating reliance by appellee on the credit application, it should have been excluded. We agree. The evidence shows

that at the time of the transaction appellee was unaware of the existence of the credit application. Furthermore, the mere fact that a retiring partner permits the business to be continued in the firm name is not such a holding out as will render the withdrawing partner liable for debts of the firm contracted after the dissolution with a person who had not dealt with the old firm.[2]

▬ The record reveals no basis for the trial court's finding that appellee in September 1959 had a right to rely on a partnership status.

Reversed with instructions to enter judgment for appellant

---

1. Martinez v. McGregor-Doniger, Inc., D.C.Mun.App., 173 A.2d 221.

2. 40 Am.Jur., Partnership § 78.